OPINION
Defendant-appellant Joni S. Woerner appeals the March 28, 2002 Judgment Entry of the Muskingum County Court which denied her motion for a hearing of the appeal of her administrative license suspension. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 24, 2001, appellant was charged with one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree. At that time, appellant was placed under an administrative license suspension pursuant to R.C. 4511.191. Although the record does not specifically demonstrate a written motion, appellee concedes appellant timely filed an appeal for the administrative license suspension in November of 2001. However, appellee has provided this Court with a transcript of a hearing conducted on November 30, 2001, where appellant orally moved the trial court to withdraw her appeal of the administrative license suspension. There is not judgment entry on the issue however, this portion of the record clearly indicates appellant wished to withdraw the appeal.
On December 27, 2001, appellant Filed a Motion to Suppress and/or Dismiss. After conducting a hearing, the trial court granted appellant's motion to suppress. In a February 25, 2002 Judgment Entry, the trial court dismissed the underlying OMVI case at the request of the prosecution.
On March 27, 2002, appellant filed a Motion to Appeal the ALS Suspension. In a March 28, 2002, the trial court found appellant's motion for the appeal was not timely filed and therefore denied the motion.
It is from this judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
 "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S ALS APPEAL AS NOT TIMELY FILED, AS R.C. 4511.191 DOES NOT REQUIRE THAT APPEALS OF ADMINISTRATIVE LICENSE SUSPENSIONS BE FILED WITHIN FIVE DAYS OF THE DEFENDANT'S INITIAL APPEARANCE.
 "II. THE TRIAL COURT ERRED IN FAILING TO VACATE APPELLANT'S ADMINISTRATIVE LICENSE SUSPENSION AND ORDER THE BUREAU OF MOTOR VEHICLES TO RESTORE HER OPERATOR'S LICENSE, AS THE OFFICER DID NOT HAVE REASONABLE GROUNDS TO SUPPORT IMPOSITION OF THE SUSPENSION."
This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
"(E) Determination and judgment on appeal.
 "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 "The decision may be by judgment entry in which case it will not be published in any form."
This appeal shall be considered in accordance with the aforementioned rule.
 I, II
We have previously addressed these issues in State v. Nichols (Nov. 6, 2001), Coshocton App. Nos. 01CA7, 01CA8, unreported. For the same reasons set forth in the Nichols case, we sustain appellant's first and second assignments of error.
We also note appellee maintains appellant was unable to file a second appeal of the administrative license suspension once she had dismissed her first appeal. We disagree. Because the issue was never adjudicated by the trial court, and because the statute does not preclude such withdraw and subsequent refiling, we find appellant was permitted to file an appeal from the administrative license suspension after the trial court's disposition of the motion to suppress and the dismissal of the underlying case.
 II
In appellant's second assignment of error he maintains the trial court erred in failing to vacate the administrative license suspension where the trial court ruled there was neither reasonable suspicion to detain appellant nor probable cause to arrest her for OMVI. As an initial matter, we note the record does not indicate the reason the trial court granted appellant's motion to suppress. However, in light of our disposition of appellant's first assignment of error, we find appellant's second assignment of error to be premature.
The March 28, 2002 Judgment Entry of the Muskingum County Court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion and the law.
By: HOFFMAN, P.J. FARMER, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the March 28, 2002 Judgment Entry of the Muskingum County Court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion and the law. Costs assessed to appellee.